ROBERT J. PINSON v. THE STATE.

Where an indictment charges the facts and circumstances which constitute an assault, in order to authorize a verdict which characterizes the assault as an aggravated one, the circumstances of aggravation alleged in the indictment, must be established by proof.

If the pleader, in framing an indictment, choose to set forth the particular circumstances which render the assault an aggravated one, the facts must be proved as laid; proof of other circumstances, that would constitute an aggravated assault, but which are not laid in the indictment, will not warrant a verdict of guilty of an aggravated assault.

Although the indictment is required to be signed by the foreman of the grand jury, an omission to comply with this requirement is not fatal, either on exception, or in arrest of judgment.

APPEAL from Wood. Tried below before the Hon. Charles A. Frazer.

The indictment in this case was found on the 7th day of August, 1858, and the offence was charged to have been committed on the first day of the said month and year; but was proved to have taken place a few weeks before.

On the trial, the defendant asked the court to give the following charge to the jury: "If the jury believe that Robert J. Pinson believed it necessary to interfere to prevent the commission of a known felony upon the body of his father; as if, the situation of his father, and the acts of Lancaster were such, as to warrant him, in the well grounded belief, that unless he interfered, Lancaster would, by the fierceness of his assault, put the life of his father in danger, or do his father great bodily harm, he had a right to use proper force to prevent it." The court refused so to charge.

*W. B. Ochiltree,* for the appellant.

*Attorney-General,* for the appellee.

BELL, J.—The indictment charges that James P. Pinson, and

the appellant, Robert J. Pinson, "with force and arms in and upon one William H. Lancaster, did make an assault, and then and there, with a heavy stick, the same being a dangerous weapon, they, the said James P. Pinson, and Robert J. Pinson, did strike and wound the said William H. Lancaster, doing him then and there, with the stick aforesaid, great bodily injury, against the peace and dignity of the state."

The precise language of the charging part of the indictment is quoted, because it is important to consider it in connexion with the testimony; and the grounds of the motion for a new trial.

The testimony shows, that James P. Pinson, who is shown to be the father of the appellant, and the appellant himself, went to the premises of Lancaster, in company. Lancaster was at work about one hundred yards from his house; was working with an axe on a plough beam; the appellant and his father went to where Lancaster was at work; the father said to Lancaster that he had come to get corn; Lancaster replied that he thought the matter about the corn had been settled; the father said it had not been settled; Lancaster said it had been settled; the father dismounted from his mule, called Lancaster a liar, and struck him a blow with a stick, which knocked Lancaster to the ground, where he lay some minutes; while Lancaster was down, the father flourished the stick over him, but did not strike him again. The stick was an oak stick, about three feet long, and an inch or more in diameter. After Lancaster had lain for some minutes on the ground, he rose and seized the stick in the hands of James P. Pinson, the father; took the stick away from him, knocked him down with it, and commenced beating him; the father then called on the appellant for help. Until this time, the appellant had stood by, but had said nothing, and had taken no part in the quarrel. When his father called for help, the appellant took up a piece of rail, about five or six feet long, and aimed a blow at Lancaster; the blow glanced from Lancaster's head and shoulder without hurting him; Lancaster then turned on the appellant and knocked him down with the same stick

that he had taken from the father; by this time, or even before this time, as it appears, the father, James P. Pinson, had got out a pistol, but did not attempt to shoot. After Lancaster had knocked the appellant down, he walked towards his house; the father, James P. Pinson, told the appellant to take the pistol and follow him; but the appellant refused to do so. This is the strongest statement that the testimony will bear against the appellant.

The jury found both the father and son guilty of an aggravated assault, and assessed a fine of $100 against each of them. The appellant's counsel, in the court below, moved for a new trial, and one of the grounds of the motion was, that the verdict against the appellant was onerous and excessive, and contrary to the evidence. The motion for a new trial was overruled, and Robert J. Pinson gave notice of appeal.

It will be observed, that the indictment does not charge, in words, that the assault was an aggravated assault. It charges the facts and circumstances attending the assault; and it results from this mode of pleading, that to authorize a verdict which characterizes the assault as an aggravated one, the circumstances of aggravation alleged in the indictment must be established by the testimony. It is not enough that the testimony establishes some other facts, than those alleged, which amount to an aggravated assault.

The first section of the second chapter of the seventeenth title of the Penal Code, defines aggravated assaults and batteries. In that section, nine specifications are employed, to show the circumstances under which an assault or a battery, becomes aggravated in contemplation of law.

If the pleader, in framing an indictment, chooses to allege the particular circumstances which make the assault an aggravated one, the assault must be proved as alleged; and proof of other circumstances, that would constitute an aggravated assault, and which are not alleged in the indictment, will not warrant a verdict of guilty of an aggravated assault. For an example: by the provisions of the code, an assault committed in a court

of justice is an aggravated assault; and so an assault committed in a place of religious worship, is an aggravated assault. Now, if an indictment should charge, that A. committed an assault upon B., in a court of justice, a verdict of guilty of an aggravated assault, would not be authorized by proof that A. committed an assault upon B., in a place of religious worship.

The only allegation contained in the indictment before us, which amounts to a charge, that the assault committed by the accused, was an aggravated assault, is the allegation, that it resulted in great bodily injury to the person assaulted. The assault is charged to have been made with a stick, and the stick is described as a dangerous weapon; but an assault does not become aggravated, because of the weapon used, unless it be a deadly weapon. And when we look to the 9th subdivision of Art. 488 of the Penal Code, we find that an assault committed by the use of means calculated to inflict great bodily injury, is not, *ipso facto*, an aggravated assault, but is so only when there exists also a premeditated design.

If the views which have been expressed are correct, and we think they are obviously so, it follows, that the appellant could not be found guilty, upon this indictment, of having committed an aggravated assault, unless he inflicted great bodily injury, by the battery which accompanied the assault; or unless he is so connected by the evidence, with the assault committed by his father, as to render him guilty as a co-assailant. The evidence shows clearly, that he struck but one blow, and that no injury resulted to Lancaster from that blow. It is not shown, therefore, that he did great bodily injury to the person assaulted, by his active participation in the fight.

We think, that the counsel for the appellant, in the court below, intended to present this view of the matter to the court, upon the motion for a new trial. The motion says, that the verdict against Robert J. Pinson is onerous and excessive, and contrary to the evidence. The motion could not mean to assert, that the verdict was onerous and excessive, if the party was shown to be guilty of an aggravated assault; because the fine assessed was

the smallest fine permitted by the law for that offence. The verdict could only be said to be onerous and excessive, and contrary to the evidence, because the evidence did not show the defendant guilty of an aggravated assault. The verdict must be considered as responsive to the pleadings, and in this case, as affirming the allegation of the indictment, viz: that the appellant committed an assault upon Lancaster, and inflicted great bodily injury upon him. The evidence clearly does not support this verdict, so far as it relates to the appellant's personal participation in the fight. But it may be said, that the appellant committed an aggravated assault, by the use of means calculated to inflict great bodily injury, and with a premeditated design. If the evidence shows this, it matters not, because there is no allegation in the indictment, that the assault was with premeditated design, and by the use of means calculated to inflict great bodily injury.

Then it remains to inquire, whether or not, the son is shown to have been a party to the assault by the father. We do not think the evidence is sufficient to support the verdict against the appellant, on this ground. It is shown, that a younger son, also, accompanied the father, driving a cart, for the purpose of conveying away the corn, which they expected to get. The appellant's age is not shown. He may have been present without any unlawful intent. It is shown, that he took no part in the quarrel, until called upon by his father for help, and he refused to pursue Lancaster with the pistol, as his father requested him to do.

As the cause will be remanded for another trial, we think it proper to say, that the judge below did not err in refusing the instruction asked by the appellant's counsel. The father's assault was an unlawful one, and the son could only interfere to prevent injury to the father, in the same manner that any other person could interfere for the same purpose. A son may use whatever force is necessary to repel an unlawful attack upon his parent; but he is not allowed to inflict an injury upon one who

has been unlawfully assailed by his parent, because the fortune of the fight turns against the assailant.

There was a motion in arrest of judgment in this case, on the ground, that the indictment was not signed by the foreman of the grand jury, in the manner required by law. Immediately after the body of the indictment, follows the certificate, that the indictment was found upon the testimony of certain witnesses. This certificate is signed by the foreman of the grand jury. The law contemplates, that the foreman of the grand jury shall sign the indictment, and it ought always to be done; and in such manner, that no question can be started about it. The foreman should also, as a distinct act, make his certificate, that the indictment was found on the testimony of certain witnesses, naming them. Indictments are continually coming under our observation, that show a very reprehensible negligence on the part of those who prepare them. There can be no good reason why the plain requirements of the law, in reference to the preparation of indictments, are not complied with. No body of men, who are selected to act as a grand jury, will ever refuse to obey the instruction of the court, or to follow the advice of the attorney for the state, in such matters as are here spoken of. The District Attorney is entitled to have a reasonable time allowed him, for the preparation of indictments; and the time of the courts ought not to be consumed in the consideration of questions, which a competent and careful officer would never permit to arise.

The motion in arrest of judgment was properly overruled. The indictment ought to be signed by the foreman of the grand jury; to show, in the most unequivocal manner, that it is the act of the grand jury. But the failure of the foreman to sign the indictment, is not fatal to it, and would not be good ground of exception to its sufficiency. The second subdivision of Article 488 of the Code of Criminal Procedure provides, that "the want of any other requisite of form, prescribed by Articles 395 or 403, except the want of the signature of the foreman of the grand jury," shall be ground of exception to an indictment or

information.   We think, the plain meaning of this subdivision of Article 488, taken in connexion with the ninth subdivision of Article 395, is, that the indictment ought to be signed by the foreman of the grand jury, officially ; but an exception to the sufficiency of the indictment will not be sustained, because the provision of the law, which requires the indictment to be signed, officially, by the foreman of the grand jury, has not been complied with.   The judgment is reversed, and the cause remanded.

Reversed and remanded.