THE STATE v. G. M. PIERCE.

An appeal will be dismissed when there does not appear to have been a final judgment in the court below.

See this case for suggestions of the Supreme Court with reference to correct practice in the District Courts in the prosecution of aggravated assaults as distinguished from simple assaults.

APPEAL from Johnson.    Tried below before the Hon. Nat. M. Burford.

The facts appear in the opinion.

*Attorney General,* for appellant.

G. M. Pierce, in proper person, moves to dismiss the appeal for want of a final judgment, and because it appears in the record that the cause is still pending in the court below.

BELL, J.    This is the case of an indictment for an assault and battery " with a knife, the said knife then and there being a deadly weapon and calculated to inflict great bodily injury." There was an exception to the sufficiency of the indictment on the ground that it did not allege the kind of knife used, so as to enable the court to say that it was a deadly weapon, and because it did not allege that great bodily harm was inflicted, &c.   The court sustained the exception to the indictment, " so far as it charged an aggravated assault and battery."    To this ruling of the court the District Attorney excepted, and gave notice of appeal.    We are not told that any thing more was done in the court below; and the case comes here without any final judgment.    No disposition is made of the cause by the action of the court below, and we are to presume that the intention of the court below was to defer the trial upon the indictment, as an indictment for a simple assault, until the opinion of this court could be taken as to the sufficiency of the indictment as an indictment for an aggravated assault.

It seems to have been the intention of the Code to treat simple

The State v. Pierce.

assaults and aggravated assaults as distinct offences, and it would be well for the courts so to treat them. An indictment for an aggravated assault should charge the offence as such, setting forth also the circumstances constituting the aggravation. An indictment might charge circumstances of aggravation, but not such as would make the assault technically an aggravated one in contemplation of the Code. In such case it would be the duty of the Judge to instruct the jury that upon such an indictment they could not find the accused guilty of an aggravated assault, and to limit the punishment to that prescribed for a simple assault. If an indictment charged an aggravated assault in terms, and set forth the circumstances of aggravation, then, upon exception, the question would be whether or not the indictment was a good one for an aggravated assault, and if the court hearing the exception should be of opinion that the indictment was not a good one for an aggravated assault, the judgment ought to be a dismissal of the indictment *in toto*. Upon the trial of a party for an aggravated assault, if the evidence showed an assault, but not an aggravated one, the accused might be found guilty of a simple assault, because the greater offence includes the lesser, and the Code so specially provides. But a party ought not to be punished for an aggravated assault upon an indictment which does not charge an aggravated assault in terms.

We present these views in order to invite a correct and uniform practice on the subject, and one which will relieve the courts from embarrassing questions in relation to a class of indictments concerning which the practice ought to be simple and intelligible.

The appeal in the present case is dismissed for want of a final judgment.

Appeal dismissed.