## H. WADDELL *v.* THE STATE.

1. JOINDER OF OFFENSES.—An indictment may, in distinct counts, charge· two or more offenses of the same character, though differing in degree. *Weathersby* v. *The State, ante* p. 643, cited and approved.

2. SAME IN MISDEMEANORS.—Joinders of misdemeanors will not, in general,. vitiate in any stage of the prosecution.

3. SAME—ELECTION.—Indictment for aggravated assault and battery so· charged the offense as to predicate it severally upon the 3d, 7th, and 8th subdivisions of Article 488 of the Penal Code. Pasc. Dig., Art. 2150. The accused excepted to the indictment on the ground of misjoinder of offenses, and, in case his exception was·overruled, moved that the state be required to elect on which charge it would proceed. *Held,* that the excep-tion and the motion were correctly overruled

4. ASSAULT IN AID OF A PARENT.—Though a son may forcibly repel an unlawful. attack upon his parent, he is not allowed, when his parent. is the assailant, to inflict injury on the party assailed.

APPEAL from the County Court of Houston.    Tried below before the Hon. S. A. MILLER, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, and *W.. B. Dunham*, for the State.

WHITE, J.    The indictment in this case may properly be considered as containing three separate and distinct counts,. either of which would have been good by itself as a charge for aggravated assault and battery.    The 1st charges that. defendant went into the house of a private family and there committed an assault and battery; the 2d charges.

that serious bodily injury was inflicted upon the person assaulted; and the 3d charges that the assault was with deadly weapons. The 1st was in accordance with the offense of an aggravated assault and battery, as given in subdivision 3 of Article 2150, Paschal's Digest, and the 2d was in conformity with the offense as given in subdivision 7, and the 3d with subdivision 8 of said Article.

The defendant excepted to the indictment, and asked the court that the state be required to elect upon which one of the counts the defendant would be tried. The court overruled the exception or motion to quash, and declined to compel the state to elect as was requested. This action of the court is assigned as one of the errors complained of. The objection is not well taken.

Mr. Wharton, in his 1st volume on American Criminal Law, section 414, lays down the correct rule, as follows: " A defendant, as has already been seen, cannot generally be charged with two distinct offenses in a single count. How far, however, he may be charged with distinct offenses in different counts, in the same indictment, has received more varied adjudication. Offenses, it is held, though differing from each other, and varying in the punishments authorized to be inflicted for their perpetration, may be included in the same indictment, and the accused tried upon the several charges at the same time, provided that the offenses be of the same character, and differ only in degree— as, for instance, the forging of an instrument, and altering and publishing it, knowing it to be false. In misdemeanors the joinder of several offenses will not in general vitiate the prosecution in any stage. For, in offenses inferior to felony, the practice of quashing the indictment or calling upon the prosecution to elect upon which charge he will proceed is rarely exercised. On the contrary, it is the constant practice to receive evidence of several libels and assaults upon the same indictment." See a further discus-

46

sion of this subject in the case of *Weathersby* v. *The State*, decided by this court at the present term, and the authorities there cited, *ante* p. 643.

It is made a ground of special complaint that the court erred in that portion of the charge which reads as follows: "It is also the right of the son to repel an unlawful attack upon the father, but if the father, at the time, be himself a trespasser, then no such right exists."

In deciding a case similar, in many of its features, to the one we are considering, Mr. Justice Bell says: "The father's assault was an unlawful one, and the son could only interfere, to prevent injury to the father, in the same manner that any other person could interfere for the same purpose. A son may use whatever force is necessary to repel an unlawful attack upon his parent, but he is not allowed to inflict any injury upon one who has been unlawfully assailed by his parent, because the fortune of the fight turns against the assailant." *Pinson* v. *The State*, 23 Texas, 583.

There was some conflict of evidence in the case, which it properly belonged to the province of the jury to weigh and pass upon. Having drawn their own conclusions, we, in looking to the record, find a sufficiency of evidence to sustain the verdict rendered. The charge of the court met the questions likely to arise upon the facts, and presented the law as applicable thereto.

We see no error in the judgment, and it is, therefore, affirmed.

*Affirmed.*