## G. W. NELSON et al. v. THE STATE.

ASSAULT.—Indictment charged that the accused "did unlawfully, willfully, and maliciously make an aggravated assault," etc., upon one R., but failed to allege any statutory circumstance of aggravation. *Held*, that the indictment is good for a simple assault, and, therefore, it was not error to overrule a motion to quash it. So much of the opinion in *The State* v. *Pierce*, 26 Texas, 114, as seems to rule otherwise, is *obiter dicta*, and has not been followed.

APPEAL from the District Court of Milam. Tried below before the Hon. A. S. BROADDUS.

The clause in the indictment quoted in the head-note was followed with allegations of a battery, but with none of the circumstances of aggravation enumerated in Article 2150, Paschal's Digest.

The motion to quash was on the ground that no offense was charged in plain and intelligible words, and because no circumstance of aggravation was alleged.

The trial below was in January, 1876, and the appeal taken to the supreme court.

*Martin & Atkinson*, for the appellants.

*A. J. Peeler*, Assistant Attorney General.

ECTOR, P. J. The indictment is good for a simple assault. It charges all that is necessary to prove to secure a conviction for this offense. The opinion of the learned judge in the case of *The State* v. *Pierce*, 26 Texas, 114, as to the sufficiency of such an indictment on a motion to quash, is *obiter dicta*, and is not in accord with other and later decisions of the supreme court which the court of appeals has followed. *Jackson* v. *The State*, 25 Texas (Supp.), 229; *The State* v. *Archer*, 34 Texas, 647; *Smith* v. *The State*, 35 Texas, 502; *Bettick* v. *The State*, 40 Texas, 117; 22 Texas, 211; Pasc. Dig., Art. 3096.

The evidence is abundantly sufficient to warrant the verdict of the jury. We find no error committed on the trial of the cause. The judgment of the district court is affirmed.

*Affirmed.*