GEORGE WILLIAMSON *v.* THE STATE.

1. VARIANCE. — In this case, the affidavit fixes the commission of the offence on the 7th day of May, 1877, while the information fixes it on the 1st day of May, 1877. *Held*, that the variance is fatal.

2. AGGRAVATED ASSAULT — INFORMATION. — An information for aggravated assault must charge the offence as such, and must set forth also the circumstances constituting the aggravation.

3. SAME — CASE STATED. — In a prosecution for an aggravated assault, though the information charges it as such, and that it was committed with firearms. within carrying distance, it fails to allege either that "serious bodily

injury was inflicted by the use of the fire-arms," or that the fire-arms were "deadly weapons, and used under circumstances not amounting to an intent to murder or maim," or that the assault was committed "with premeditated design, and by the use of means calculated to inflict great bodily injury." *Held*, that one of these allegations, in addition to the general charge of aggravated assault, is essential to make the information a good one to charge aggravated assault.

APPEAL from the County Court of Gonzales. Tried below before the Hon. J. S. CONWAY, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Two of the grounds relied upon for a reversal of this case are, we think, well taken.

"1. That there is a fatal variance between the time of the commission of the offence as laid in the information, and that as stated in the affidavit.

"2. That the information does not charge an aggravated assault, and consequently will not support a verdict and judgment for that offence."

1. Prosecutions commenced by information are required to be based upon the affidavit of some credible person. Acts Fifteenth Legislature, 20, sec. 8. This affidavit is the predicate for and the fundamental part of the procedure, and the information must correspond with and be characterized by the offence as stated in the affidavit. *Davis* v. *The State*, 2 Texas Ct. App. 184; *Thornberry* v. *The State*, 3 Texas Ct. App. 36; *Turner* v. *The State*, 3 Texas Ct. App. 551. The case of *Hoerr* v. *The State*, 4 Texas Ct. App. 75, is directly in point, and there it was substantially held that a discrepancy between the information and affidavit as to the date of the alleged offence was a fatal variance. In the case we are considering, the date of the offence as fixed by the affidavit is May 7, 1877, whilst that fixed by the information is May 1, 1877.

2. The information does not charge an aggravated assault. It is a familiar rule of criminal practice that, "where a peculiar or aggravated punishment is to be inflicted, the peculiar or aggravated matter constituting the offence is required to be set out in the indictment." *Browning* v. *The State*, 2 Texas Ct. App. 47; 1 Bishop's Cr. Proc., 2d ed., secs. 82, 84, 598.

There are nine separate, distinct, and specific grounds enumerated in the statute, any one of which would make the offence an aggravated assault and battery, and some one of which must be alleged, to render an indictment or information good and valid as a charge for that offence. Pasc. Dig., art. 2150; *Kouns* v. *The State*, 3 Texas Ct. App. 13. "An indictment for an aggravated assault should charge the offence as such, setting forth also the circumstances constituting the aggravation." *The State* v. *Pierce*, 26 Texas, 114; *Pinson* v. *The State*, 23 Texas, 579.

The information, it is true, charges that the assault was an aggravated one, and one committed by the use of fire-arms, and within carrying distance; but it nowhere alleges either that " serious bodily injury was inflicted (by the use of said fire-arms) upon the person assaulted," nor that the "fire-arms" were "deadly weapons," and used "under circumstances not amounting to an intent to murder or maim," nor "that the assault was committed with premeditated design, and by the use of means (fire-arms) calculated to inflict great bodily injury." Pasc. Dig., art. 2150. It would take one of these allegations, additional to that contained in the information, to make it good for an aggravated assault.

For either and both of the reasons above stated, the court should have sustained defendant's motion in arrest of judgment; and because of error committed in overruling it, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*