## FREDERICK MEIER v. THE STATE.

1. COMPLAINT AND INFORMATION — VARIANCE.— Where, as in this case,
   there are expressions in the complaint not used in the information,
   but which, if treated as surplusage and stricken out, would leave
   the complaint complete, the variance is not fatal.
2. AGGRAVATED ASSAULT — INDICTMENT.— While an information or in-
   dictment for aggravated assault must charge the particular circum-
   stance of aggravation relied upon, it need not charge the offense in
   so many words to be an "*aggravated assault.*" See the opinion for
   an information for this offense *held* sufficient.

APPEAL from the County Court of Austin. Tried below
before the Hon. J. P. BELL, County Judge.

The information charged an aggravated assault and
battery upon Albert Solomon, with slung shots, in Austin
county, on the 18th day of January, 1880. The punish-
ment imposed by the jury, in a verdict of guilty of aggra-
vated assault, was a fine of $150. No statement of facts
comes up with the record.

*Chesley & Haggerty,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the
State.

Winkler, J.   The information upon which the appellant was tried in the court below, following substantially the complaint upon which it is based, charges that the appellant and another (as follows), "on the 18th day of January, A. D. 1880, with force and arms, in the county of Austin, did then and there make an assault and battery in and upon one Albert Solomon, by then and there striking him, the said Albert Solomon, with a slung shot, and inflicting serious bodily injury upon him, the said Albert Solomon, contrary," etc.  The sufficiency of the information is called in question by motion in arrest of judgment, setting up, 1st, a variance between the information and the complaint, and 2d, because the information is insufficient to charge either an aggravated assault and battery or a simple assault and battery.

With reference to the first ground of the motion in arrest of judgment, it is perhaps sufficient to say that the only variance apparent is that in the complaint it is stated that the defendant did commit the offense of aggravated assault upon the body of Albert Solomon at Cat Spring, Austin county, by calling him out of a certain bar-room and "striking him on his head with slung shots about six or seven times, thereby inflicting great bodily injury upon him, the said Albert Solomon; whilst the offense as charged in the information is as set out above.  We see no such variance between the complaint and the information as would warrant a reversal of the judgment.  There are some expressions employed in the complaint not used in the information, but these may be disregarded as surplusage, and if stricken out would leave the complaint complete.   The information follows substantially the complaint in so far as the charging part is concerned.

With reference to the second ground of the motion, when considered with reference to authorities cited in the brief of appellant, the only apparent objection seems to be that the information does not in so many words charge

the commission of an aggravated assault and battery. It was said in *The State* v. *Pierce*, 26 Texas, 114, that it seems to have been the intention of the Code to treat simple assaults and aggravated assaults as distinct offenses, and it would be well for the courts to so treat them. This remark we must regard in the light of a suggestion. It will be seen that the question was raised on an appeal by the district attorney from the ruling of the court below on an indictment for an assault and battery "with a knife, said knife being a deadly weapon and calculated to inflict great bodily injury." The court further said that a party ought not to be punished for an aggravated assault upon an indictment which does not charge an aggravated assault in terms. The cases of *Browning* v. *The State*, 2 Texas Ct. App. 47, and that of *Williamson* v. *The State*, 5 Texas Ct. App. 485, are also cited by counsel in support of the motion.

We submit that by a fair interpretation of these cases, all and each of them, it will be found that all said in either on the subject of charging an aggravated assault in terms does not necessarily mean that the term *aggravated assault* must be specifically employed. Take, for instance, the case in 5 Texas Ct. App.; there there were two grounds relied on for a reversal of the judgment, and the second was that the information did not charge an aggravated assault. The court, quoting from *Browning* v. *The State*, says it is a familiar rule of criminal practice that "when a peculiar or aggravated punishment is to be inflicted, the peculiar or aggravated matter constituting the offense is required to be set out in the indictment." The court then proceeds as follows: "There are nine separate, distinct and specific grounds enumerated in the statute, any one of which would make the offense an aggravated assault and battery, and some one of which must be alleged, to render an indictment or information good and valid as a charge for that offense." An extract, it is true, is taken from the case in 26 Texas, to illustrate the argument. But

neither in *Williamson* v. *The State,* nor in *Browning* v. *The State,* is it expressly decided that the terms *aggravated assault* are indispensable in charging the offense of aggravated assault, and in *Pierce's* case the conclusion of the opinion indicates that such a ruling was not necessary to a decision of that case.

These cases, on the contrary, hold what we think to be the true doctrine, and one applicable as well to our present Code as to the one in force when these cases were decided; that is, that an assault must be charged in express terms in either case, but if it is intended to prosecute for an aggravated assault, the circumstances of aggravation must also be set out; which, we think, is the proper application of the terms made use of in *The State* v. *Pierce,* to the effect that a party ought not to be punished for an aggravated assault upon an indictment which does not charge an aggravated assault in terms. To charge specifically the circumstances of aggravation would charge it in terms even more pointedly, and would much more clearly apprise the defendant as to what he had to defend against, than by simply employing the language that he did commit an *aggravated assault,* without setting out the circumstances which constitute the aggravation intended to be proved. By giving this meaning to the language employed in each of these cases, and which seems to be fair and legitimate, these cases harmonize with other authorities, and sustain rather than militate against the views we entertain of the question under consideration; which are, that in an indictment or information for an aggravated assault it is not necessary or requisite under the law to characterize the offense in so many words as an "*aggravated assault,*" but, in order that the accused may be apprised of what he will have to meet on the trial, it is necessary and requisite to charge the circumstances of aggravation in order to support a conviction for an aggravated assault or an aggravated assault and battery.

There need be no doubt or confusion or want of uniform-

ity in the practice. The Code defines assault and assaults and batteries in plain terms. It also declares the circumstances under which an assault or an assault and battery becomes aggravated. It does not define an aggravated assault or an aggravated assault and battery, but does declare the circumstances which would render an assault or assault and battery aggravated, and thereby indicates, we are of opinion, very clearly the course to be pursued by the criminal pleader in preparing an indictment or information for an aggravated assault or aggravated assault and battery — that is, to charge first the assault with all the necessary particularity as to time, place and circumstances, and add thereto, not in a second count necessarily, but in the same count, the particular circumstance of aggravation which is intended to be relied on for a conviction for the higher grade of offense; that is, some *one* of the circumstances under which an assault or battery becomes aggravated, as they are enumerated in subdivisions 1 to 10, inclusive, in article 496 of the Penal Code.

The information in the present case comes fully up to all the requirements of the rules as above stated. It charges an assault, and states the time when and the place where it was committed, and the name of the person upon whom it was made. It does not state that it was committed with a deadly weapon, but it does charge that by the use of the means employed serious bodily injury was inflicted; which brings the offense committed within subdivision 7 of article 496 of the Penal Code. We are of opinion the information is sufficient to support a conviction for an aggravated assault and battery, and that the court below did not err in overruling the motion in arrest of judgment.

There being no other error complained of, or which we can properly consider in the absence of a statement of facts, the judgment is affirmed.

*Affirmed.*