WILLIE JOHNSON, ALIAS JACK JOHNSON, v. THE STATE.

No. 2307. Decided February 26, 1913,

Reinstated April 30, 1913.

**1.—Aggravated Assault—Recognizance.**

Where the appeal was dismissed because of an insufficient recognizance, but appellant entered into a proper recognizance in the court below and filed a proper certified copy in this court, the appeal will be reinstated.

**2.—Assault with Intent to Murder—Aggravated Assault.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault the evidence showed that the assault was committed with a large barlow knife under circumstances not amounting to an intent to murder or maim and the court in a proper charge submitted the issue under subdivision 8, article 1022, Penal Code, and otherwise correctly charged on the facts, there was no error; the evidence sustaining the conviction.

**3.—Same—Charge of Court—Deadly Weapon—Misdemeanor.**

Where defendant, under an indictment for assault to murder, was convicted of an aggravated assault upon sufficient evidence and a proper charge of the court on the definition of a deadly weapon, etc., and defendant requested no special charge or excepted to the court's main charge, there was no error under article 743, Code Criminal Procedure. Following Giles v. State, 66 Texas Crim. Rep., 638; 148 S. W. Rep., 317, and other cases.

Appeal from the District Court of Liberty. Tried below before L. B. Hightower.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*E. B. Pickett, Jr.,* for appellant.—On question of deadly weapon: Crow v. State, 55 Texas Crim. Rep., 200, 116 S. W. Rep., 52; Bush v. State, 52 Texas Crim. Rep., 398, 107 S. W. Rep., 348; Wilson v. State, 29 S. W. Rep., 41; Sloan v. State, 76 S. W. Rep., 922.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—This appeal is from a conviction of aggravated assault with a fine of $100 assessed.

Because of a wholly insufficient recognizance this court has no jurisdiction, and the cause is hereby dismissed.

*Dismissed.*

PRENDERGAST, JUDGE.—The appellant was indicted for an assault with intent to murder, which, of course, included an aggravated assault. He was acquitted of an assault with intent to murder and convicted of an aggravated assault with a fine of $100 as the penalty.

Without detailing it, the evidence was amply sufficient to sustain a conviction of an aggravated assault under subdivision 8, article 1022, Penal Code, which prescribes that an assault or an assault and battery is an aggravated one "when commited with deadly weapons under circumstances not amounting to intent to murder or maim." The evidence shows that the assault was committed with a big barlow knife. One of appellant's witnesses testified: "It was a big barlow knife with one blade; as to how long that blade was, well, it was a red handle about that long (witness indicating on his finger); it might have been longer or shorter; it had a red handle and it was a good big knife. It had a good blade and had a good point to it." The effect of the prosecuting witness' testimony was that without any provocation appellant assaulted him and at one time during the fight knocked him down,—bruised his face considerably; that when appellant first began the assault on him he got said knife out of his pocket, already opened, and began to assault him with the knife, but the assaulted party, to protect himself, succeeded in kicking the knife out of appellant's hand.

The court, in his charge, correctly submitted an assault with intent to kill and murder. Appellant was acquitted of this. In the charge the court quoted article 1048, Penal Code, defining an assault and an assault and battery. Then "By the expression, 'coupled with an ability to commit a battery,' is meant that the person making the assault must, at the time, be in such position and within such distance of the person assaulted to enable him to commit a battery on such person by the means used.

"An assault becomes aggravated when committed with a deadly

weapon under circumstances not amounting to an intent to murder or maim. A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury." In a separate paragraph he charged: "If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was upon malice aforethought, with intent to murder (as herein explained to you), then you will acquit him of that offense and next consider whether he is guilty of an aggravated assault.

"If you believe from the evidence that the defendant, in the County of Liberty and State of Texas, on or about the time charged in the indictment, with a deadly weapon did unlawfully assault the said W. C. Hendricks as charged, but at the time of making such assault the defendant was not actuated or moved in making such assault by malice aforethought—bearing in mind the foregoing definition of malice aforethought—or did not intend to kill said Hendricks, then you will find the defendant guilty of an aggravated assault and assess his punishment," etc.

In the fight, the prosecuting witness testified, he was cut on the wrist. He does not make it clear how or in what way he got this cut, but the evidence in no way discloses or tends to disclose that he got it otherwise than from the knife with which appellant committed the assault, although he was made to say in cross-examination in one place, that appellant did not cut him. However, he was not charged, and the court did not submit an assault by inflicting serious bodily injury. The evidence does make it reasonably clear that the proximity of the parties was such at the time appellant got the opened knife out that he could and would have inflicted serious bodily injury if not death upon the prosecuting witness if the witness had not prevented it by kicking the knife out of appellant's hand.

The appellant requested no special charge whatever and took no exception whatever to the charge of the court at the time it was given. He now, for the first time, in the motion for new trial, complains of the court's charge in some particulars.

An assault with a deadly weapon is ipso facto an aggravated assault. Hunt v. State, 6 Texas Crim. App., 663; White's Ann. P. C., sec. 1014; Pinson v. State, 23 Texas, 579. The court's definition of a deadly weapon is in the language frequently approved by this court and is correct. White's Ann. P. C., sec. 1298. The evidence was sufficient to show that the knife with which appellant committed the assault in this case was a deadly weapon, or authorize the jury to so find. In our opinion the court submitted all of the questions raised by the evidence which were necessary to be submitted in this case. The appellant, not having excepted to any portion of the charge of the court when given, and asking no special charge, and this being a misdemeanor conviction, no reversible error is shown. Art. 743, C. C. P.; Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317, and authorities there cited; Ward v. State, 66 Texas Crim. Rep., 313, 151 S. W. Rep., 1073; Golden

v. State, 66 Texas Crim. Rep., 262, 146 S. W. Rep., 945; Perkins v. State, 65 Texas Crim. Rep., 311, 144 S. W. Rep., 241.

At a former day of this term this cause was dismissed because of an insufficient recognizance. Since then appellant has entered into a proper recognizance, a proper certified copy of which has been furnished and is on file in this court. His motion to set aside the former dismissal and reinstate the case is therefore granted, the case now considered on its merits, and the judgment will be affirmed.

*Affirmed.*