PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MÉNDEZ, Defendant and Appellant.

No. 5006.  Argued February 15, 1933.—Decided March 10, 1933.

The defendant appeared by brief.  *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

José Méndez was convicted of an aggravated assault and battery and sentenced by the District Court of Arecibo to fifteen days' imprisonment in jail.  Feeling aggrieved by that judgment, the defendant took the present appeal.

It is urged that the court erred in sentencing the appellant to fifteen days in jail (a) because the sentence so pronounced is contrary to the provisions of section 5 of the Act of March, 1904, repealing section 237 of the Penal Code; (b) because in rendering said judgment, the court did not follow the statute, but, on the contrary, entered a judgment in contravention of the provisions of the law; and (c) because, if the court did not characterize the offense as aggravated, the sentence that it should necessarily impose, in accordance with the law, would have to be a fine and not expressly imprisonment in jail for a certain number of days.

The three preceding errors involve the same question. It is claimed that the court imposed a sentence of fifteen days in jail when it should have limited itself to imposing a fine; and that, as said sentence is contrary to law, the defendant should be discharged.

It is true that section 5 of the Act to define and punish simple assault, simple assault and battery, etc., provides that the punishment for a simple assault, or for an assault and battery, unattended with circumstances of aggravation, shall be a fine of not less than one nor more than fifty dollars.

In this case a complaint was filed against José Méndez for an offense of assault and battery committed in the following manner: ''That on April 18, 1932, and in the ward of Florida Afuera, Barceloneta, Puerto Rico, within the municipal judicial district of Manatí, which forms part of the judicial district of Arecibo, the defendant, José Méndez, then and there, unlawfully, wilfully, and maliciously and with criminal intent to commit a violent injury on the person of another, with the intent to inflict bodily injury, assaulted and battered Esteban Ortiz, a human being, with a barber's razor, inflicting him a wound on the right ear and another on the left arm.''

It is true that in the complaint the offense is only characterized as assault and battery without expressly alleging that the offense had been committed with aggravated circum-

stances; but it is not less true that the said complaint sets out sufficient facts from which may be clearly deduced the presence of the circumstances of aggravation mentioned in subdivisions 8 and 9 of section 6 of the act in regard to assault and battery. The assault and battery in the instant case was committed with a barber's razor, which is a deadly weapon in accordance with the jurisprudence established by this Court, since with it great bodily injury and even death may be caused. *People* v. *Chardón,* 44 P.R.R. 511; *People* v. *Oriols,* 27 P.R.R. 195; and *People* v. *Rivas,* 16 P.R.R. 581. The defendant, José Méndez, did not use the weapon for the purposes for which a barber's razor is intended, but for carrying out an unlawful act in committing an assault and battery upon the individual, Esteban Ortiz.

The complaint in our opinion, alleges facts sufficient to constitute an offense of aggravated assault and battery, and if the lower court, as it states in its judgment, sentenced the defendant for the offense of assault and battery with which he was charged, it undoubtedly sentenced him for an aggravated assault and battery.

Subdivisions 8 and 9 of section 6 of the act above cited provide in effect that an aggravated circumstance exists when the assault and battery is committed with deadly weapons under circumstances not to amount to an intent to kill or maim, or when it is committed with premeditated design, and by the use of means calculated to inflict great bodily injury.

In the case of *People* v. *Varela,* 25 P.R.R. 364, the defendant was accused of assault. He was found guilty by the lower court of an offense of aggravated assault. In that case this Court said:

".... the real offense with which the defendant is charged is plainly described in the body of the complaint and constitutes the crime of aggravated assault under the law in force."

See also *People* v. *Haddock,* 43 P.R.R.—*; *People* v. *Zambrana,* 18 P.R.R. 732; *People* v. *González,* 17 P.R.R. 1140; and *People* v. *Sánchez,* 16 P.R.R. 682.

The law in force in the State of Texas in regard to assault and battery contains all the provisions of the law in force in Puerto Rico, with some variations. Section 6 of our law, which determines when an assault and battery shall become aggravated, is identical with section 601 of the Penal Code of Texas.

In the case of *Meier* v. *The State,* 10 Tex. Ct. App. 39, the offense was not characterized as aggravated assault and battery but in the information facts were alleged constituting aggravated assault and battery. There the Court of Appeals of Texas reviewed its former decisions, maintained that it is not necessary that the term "aggravated assault and battery" be specifically employed, and expressed the view that the defendant is better informed of the charge against which he has to defend when the accusation charges specifically the circumstance of aggravation than when it simply employs the language that he committed an aggravated assault and battery without setting out the circumstances which constitute the aggravation intended to be proved.

From the opinion delivered in that case we copy the following:

"These cases, on the contrary, hold what we think to be the true doctrine, and one applicable as well to our present Code as to the one in force when these cases were decided; that is, that an assault must be charged in express terms in either case, but if it is intended to prosecute for an aggravated assault, the circumstances of aggravation must also be set; which, we think, is the proper application of the terms made use of in *The State* v. *Pierce,* to the effect that a party ought not to be punished for an aggravated assault upon an indictment which does not charge an aggravated assault in terms. To charge specifically the circumstances of aggravation would charge it in terms even more pointedly, and would much more clearly apprise the defendant as to what he had to defend against, than by

* NOTE: See Preface of this volume.

simply employing the language that he did commit an *aggravated assault*, without setting out the circumstances which constitute the aggravation intended to be proved. By giving this meaning to the language employed in each of these cases, and which seems to be fair and legitimate, these cases harmonized with other authorities, and sustain rather than militate against the views we entertain of the question under consideration; which are, that in an indictment or information for an aggravated assault it is not necessary or requisite under the law to characterize the offense in so many words as an '*aggravated assault,*' but, in order that the accused may be apprised of what he will have to meet on the trial, it is necessary and requisite to charge the circumstances of aggravation in order to support a conviction for an aggravated assault or an aggravated assault and battery.

"There need be no doubt or confusion or want of uniformity in the practice. The Code defines assault and assaults and batteries in plain terms. It also declares the circumstances under which an assault or an assault and battery becomes aggravated. It does not, define an aggravated assault or an aggravated assault and battery, but does declare the circumstances which would render an assault or assault and battery aggravated, and thereby indicates, we are of opinion, very clearly the course to be pursued by the criminal pleader in preparing an indictment or information for an aggravated assault or aggravated assault and battery—that is, to charge first the assault with all the necessary particularity as to time, place and circumstances, and add thereto, not in a second count necessarily, but in the same count, the particular circumstance of aggravation which is intended to be relied on for a conviction for the higher grade of offense; that is, some *one* of the circumstances under which an assault or battery becomes aggravated as they are enumerated in subdivisions 1 to 10, inclusive, in article 496 of the Penal Code.

"The information in the present case comes fully up to all the requirements of the rules as above stated. It charges an assault, and states the time when and the place where it was committed, and the name of the person upon whom it was made. It does not state that. it was committed with a deadly weapon, but it does charge that by the use of the means employed serious bodily injury was inflicted; which brings the offense committed within subdivision 7 of article 496 of the Penal Code. We are of opinion the information is sufficient to support a conviction for an aggravated assault and battery, and that the court below did not err in overruling the motion in arrest of judgment.''

As we have stated before, the court found the defendant guilty of the offense of assault and battery with which he was charged. Facts sufficient to constitute aggravated assault and battery were incorporated in the information. The defendant was, therefore, found guilty of the crime of aggravated assault and battery charged against him. The defendant can not rely on the error of the court in sentencing him to fifteen days in jail, when the minimum sentence that may be imposed on a person guilty of aggravated assault and battery is one month. The imposition of a lesser penalty than that prescribed by law favors the accused and is not a ground justifying the reversal of the judgment.

In the case of *People* v. *Llauger*, 14 P.R.R. 534, this Court said:

"The imposition of a shorter term of imprisonment than that authorized by the statute will not justify the reversal of a judgment of conviction on an appeal taken by the defendant."

In *People* v. *Oliver*, 95 Pac. 172, 173, 174, the Supreme Court of California expressed itself thus:

"The first point made on the appeal is that the sentence imposed (seven years) is less than the minimum term of imprisonment provided by the statute (Pen. Code, par. 666) in cases of conviction of grand larceny after a previous conviction of burglary (ten years), and therefore void. As said in *In re Reed,* 143 Cal. 634, 77 Pac. 660, 101 Am. St. Rep. 138, such a judgment is not void. It is within and not in excess of the statute. *Ex parte Soto,* 88 Cal. 629, 26 Pac. 530. Even where the term imposed is in excess of the maximum fixed by the statute, it is merely erroneous, and, if the judgment be reversed for this reason, the appellate court will remand the cause with directions to proceed to judgment on the verdict. *People* v. *Riley,* 48 Cal. 549. The application of such a rule to the case at bar would result in inflicting a penalty upon the defendant for appealing from the erroneous action of the trial court. This is not the policy of the law, which appears to be that, where a defendant complains of an error in his own favor, such error will not be corrected to his detriment. For instance, where a verdict was set aside and a new trial granted by the trial court on the ground that the

verdict was too favorable to the defendant, the Supreme Court reversed the order, and directed the trial court to proceed to pronounce judgment on the verdict rendered. *People* v. *Muhlner*, 115 Cal. 303, 47 Pac. 128. The court applied to the case simply the rule that, the error committed not being to the prejudice of the defendant, he cannot complain of a determination of his case more favorable to him than the evidence warranted. *People* v. *Barnhart*, 59 Cal. 381; *People* v. *Maroney*, 109 Cal. 279, 41 Pac. 1097; Pen. Code, par. 1404.''

The judgment appealed from must be affirmed.