Gay ARNOLD, Appellant,

v.

The STATE of Texas, Appellee.

No. 37197.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 24, 1965.

Second Motion for Rehearing Denied April 7, 1965.

Wendell S. Loomis, Houston, Clyde W. Woody, Houston (On Motion for Rehearing Only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Ruben W. Hope, Jr., James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment, 180 days in jail and a fine of $250.00.

Our prior opinion is withdrawn and the following is substituted in lieu thereof.

The facts reflect that appellant, age 21, kicked a 15 year old boy in his groin. The information alleged and the court submitted the case to the jury under Subdivision (8) of Article 1147, Vernon's Ann.P.C. which makes an assault aggravated when committed with premeditated design and by use of means calculated to inflict great bodily injury. The early case of Pinson v. State, 23 Tex. 579, is authority for the rule that the grounds of aggravation alleged must be established by the testimony. In the relatively recent case of Ohlrich v. State, 162 Tex.Cr.R. 502, 287 S.W.2d 478, we had occasion to discuss the facts necessary to be proven in a prosecution under Subdivision (8) of Article 1147, supra, one of them being "(3) with premeditated design, that is with fixed purpose formed in the mind, and not upon a rash, unconsidered impulse." In Ohlrich v. State, supra, the trial was before the court and we held that since in such cases all disputed facts must be resolved in favor of the judgment, the facts were sufficient to support the trial court's finding that the assaults were premeditated. But such is not the case before us here. In the case at bar the injured party walked across the street to where appellant, whom he did not know, was seated in an automobile with the injured boy's brother standing near by. When appellant, who had been drinking, asked the injured boy to "Come here" in order to show him a straw hat which had the top cut out, he demurred and after a few words appellant got out of the automobile and kicked the injured boy one time. While serious injury was shown which would have authorized a finding of guilt under Subdivision (6) of said Article, the case was submitted to the jury under Subdivision (8), and we have concluded that the evidence is insufficient to support a finding that such act was not a "rash, unconsidered impulse."

For the reasons stated, our prior order of affirmance is set aside; the judgment is reversed and the cause is remanded.

## ON STATE'S MOTION FOR REHEARING

DICE, Commissioner.

In its motion for rehearing, the state challenges our consideration of the statement of facts because it was not filed within ninety days after the date of giving notice of appeal, as required by Section 4 of Article 759a, Vernon's Ann.C.C.P.

While the statement of facts was not filed with the clerk of the trial court until the ninety-third day after the date notice of appeal was given, an examination of the same shows that it was agreed to by counsel for the state and the appellant on the ninety-second day, as evidenced by their signatures affixed thereto. Immediately following such agreement, there appears an order, signed by the trial judge, which reads: "The Clerk of the Court is hereby ordered to file this record."

It is apparent that the trial judge's order was signed after the statement of facts had been agreed to and signed by counsel for the state and the appellant and was an approval of the same after the ninety-day period had expired.

Under the provisions of Art. 759a, Sec. 4, supra, it is presumed that the time for filing was properly extended by the trial judge, and the statement of facts is entitled to be considered.

Richardson v. State, 170 Tex.Cr.R. 485, 342 S.W.2d 313, cited by the state, is not here applicable, because in that case there was no agreement signed by counsel immediately above the judge's approval and signature. An examination of the record in the case reflects that the statement of facts contained a form for such an agreement, which was unsigned.

Remaining convinced that a proper disposition was made of the case in our opinion reversing the judgment of conviction, the state's motion for rehearing is overruled.

Opinion approved by the Court.